[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Maureen C. Marino, alleges that on May 16, 1998 she was driving her 1995 Dodge Neon motor vehicle southbound on Interstate 95 in the town of Westport when the steering suddenly failed, causing the vehicle to turn sharply to the left and to collide with a "jersey" barrier. On April 16, 1999, the plaintiff filed a six count complaint against the defendants DaimlerChrysler Motors Corporation, DaimlerChrysler Corporation and Fairfield County Dodge, Inc., alleging product liability claims and violations of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. (CUTPA). On August 27, 1999, the defendants, DaimlerChrysler Corporation and DaimlerChrysler Motors Corporation, filed a motion to strike counts four and six of the plaintiff's complaint on the ground that they fail to state a cause of action upon which relief can be granted. The plaintiff has filed an objection to the motion to strike and a revised complaint, which the court will consider as the operative complaint for the purposes of this motion to strike.
The defendants argue that in counts four and six the plaintiff does not adequately state a cause of action for a CUTPA violation because the plaintiff's CUTPA claims are barred by the exclusivity provision of the Connecticut Product Liability Act, General Statutes § 52-572m et seq. (CPLA). The plaintiff CT Page 2324 argues that the CUTPA claims are not within the scope of the CPLA, and, therefore, are not barred by the exclusivity provision.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael. Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors v. Fusco Corp., 231 Conn. 381, 383
n. 2, 650 A.2d 153 (1994); see also Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989).
General Statutes § 52-572n (a) provides: "A product liability claim . . . may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability, and warranty for harm caused by a product." Section 57-572m (b) provides: "`Product liability claim' includes all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product. `Product liability claim' shall include, but is not limited to, all actions based on the following theories: Strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation or nondisclosure, whether negligent or innocent."
The Supreme Court has held that the "products liability act [is] an exclusive remedy for claims falling within its scope."Winslow v. Lewis-Shepard, Inc., 212 Conn. 462, 471, 562 A.2d 517
(1989). "A principal purpose of the product liability statute is to protect people from harm caused by defective and hazardous products." Rodia v. Tesco Corporation, 11 Conn. App. 391, 396,527 A.2d 721 (1987). In contrast, CUTPA remedies unjustified consumer injury, rather than personal injury based upon negligence. See A-G Foods, Inc. v. Pepperidge Farm, Inc.,216 Conn. 200, 217, 579 A.2d 69 (1990). CUTPA provides a "general proscription of unfair or deceptive acts or practices . . . ."Mead v. Burns, 199 Conn. 651, 664, 509 A.2d 11 (1986).
"In West Haven School District v. Owens-Corning FiberglasCT Page 2325Corp., Civ. No. H-85-1056 (AHN), Judge Nevas developed a `functional test' to determine whether the CUTPA claim is coextensive with the product liability claim. [I]f the cause of action being pressed . . . is essentially identical — in wrongs asserted and in relief sought — with that being pursued under the [CPLA], then it comes within the statute's scope and must be precluded." (Internal quotation marks omitted.)Howell v. Capitol Chemical Ind., Inc., Superior Court, judicial district of Bridgeport, Docket No. 277541 (July 14, 1992, Katz,J.) (7 Conn. L. Rptr. 88), aff'd, 31 Conn. App. 936,626 A.2d 1345 (1993). This test has been applied in several Superior Court cases. See, e.g., Fiondella v. Chrysler Motors Corp., Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 469048 (March 13, 1996, Fineberg, J.); Palmieri v.Hi-Way Campers, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 349111 (February 28, 1995, Gray, J.);Juliano v. Stanley Works, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 359086 (September 28, 1994,Hartmere, J.); Howell v. Capitol Chemical Ind., Inc., supra,7 Conn. L. Rptr. 88; Estate of Notman v. Ford Motor Company,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 502754 (March 4, 1992, Burns, J.).
In count four of the revised complaint, the plaintiff incorporates the facts alleged in the first count, a product liability claim, against the defendant, DaimlerChrysler Motors Corporation, and adds that the defendant knew of the dangerous defect in the steering system and that a recall was issued. The plaintiff further alleges that the defendant knew the plaintiff's address, and that the plaintiff was not notified of the recall. The plaintiff does not allege that the defendant intentionally misrepresented to the plaintiff that the vehicle was safe for use. Cf. Utica Mutual Ins. Co. v. Denwat Corp., 778 F. Sup. 592,598 (D. Conn. 1991) (where the plaintiff alleged that the plaintiff was harmed by the defendant's intentional misrepresentation that the product was safe for consumer purchase, the plaintiff's CUTPA claim was not precluded by the exclusivity section of CPLA). Rather, the plaintiff has alleged that she was harmed by the defendant's negligence in failing to warn of a defect in the product, which is within the scope of CPLA. See General Statutes § 57-572m (b); Rodia v. TescoCorporation, supra, 11 Conn. App. 396. Therefore, count four of the revised complaint is barred by the exclusivity provision of the CPLA. CT Page 2326
In count six of the revised complaint, the plaintiff incorporates the allegations made in count three in support of a product liability claim against DaimlerChrysler Corporation, and adds that the defendant DaimlerChrysler Motors Corporation knew of the defect in the steering system, and that a recall was issued. The plaintiff also alleges that the defendant, FairfieldCounty Dodge, Inc., failed to warn the plaintiff of the defective product. The plaintiff, therefore, does not make any additional allegations against the defendant, DaimlerChrysler Corporation,
in count six. Accordingly, the court will grant the motion to strike count six of the plaintiff's complaint. See Khan v.Laurentano Sign Corp., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 447932 (October 8, 1992, O'Neill, J.) (where the plaintiff did not state additional facts in support of a CUTPA violation, but only incorporated the facts alleged in the product liability claim, the plaintiff's CUTPA claim was barred by the exclusivity provision of the CPLA).
For the foregoing reasons, the defendants' motion to strike counts four and six is granted.
KARAZIN, J